UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| HERBERT SAMUEL CHRISTENSEN, JR., | ) ) ) |
| Plaintiff, | ) Civil Action No. 5: 14-134-DCR ) |
| v. | ) ) |
| UNITED STATES OF AMERICA, et al., | ) **MEMORANDUM OPINION** ) **AND ORDER** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Herbert Samuel Christensen, Jr., was formerly confined as an inmate at the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington").[1] While incarcerated, Christensen filed a *pro se* Complaint under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* ("FTCA"). [Record No. 1] The Complaint alleges civil rights violations under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), as well as pendent state claims of negligence under Ky. Rev. Stat. § 189.125(6). [Record No. 1] Christensen seeks recovery for the "personal physical and psychological injuries" he allegedly sustained as the result of the defendants' negligence or wrongful acts and omissions. [*Id.*, p. 1] The Complaint names as defendants the United States of America and the following FMC-Lexington personnel: Francisco J. Quintana, Warden; David Carpenter,

---

[1] Per the Federal Bureau of Prisons' website, Christensen was released from custody on August 18, 2014. *See* www.bop.gov/inmateloc/ *(last checked December 1, 2014)*. Additionally, the plaintiff advised the Court by letter dated July 21, 2014, of his post-release mailing address in Vanceburg, Kentucky. [Record No. 4]

Captain; Mr. Henderson, Safety Manager; and two unknown Correctional Officers. By prior Order, the Court granted Christensen's motion to proceed *in forma pauperis*. [Record No. 3]

As a threshold matter, the Court conducts a preliminary review of Christensen's Complaint because he has been granted permission to proceed *in forma pauperis* and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Christensen's Complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage of the proceedings, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court has construed the Complaint liberally and will evaluate any cause of action which can reasonably be inferred from the allegations made.

For the reasons stated below, with the exception of his FTCA claim against the United States, Christensen's claims will be dismissed.

**I**

Christensen's Complaint concerns an incident occurring on July 1, 2013, when he was transported from FMC-Lexington to the University of Kentucky Medical Center for a medical appointment. Christensen, an ambulatory inmate, generally complains about being

placed in a wheel-chair van for transport, being forced to sit sideways in a seat, and the improper use of a seatbelt to secure him in that seat . Specifically, Christensen states:

> 13.) Thus on 7-1-2013 right before the med trip plaintiff had a seatbelt harness placed improperly across his carotid artery high up on his neck while he was forced to sit sideways in a seat of a wheel chair van, that was too small and narrow for him to sit in, thus that it injured plaintiff's left neck and the nerves in his left ulnar nerve distribution.

[Record No. 1, p. 4] Christensen also alleges that, on the return trip from this medical appointment and all other instances of transportation from the prison, he was transported without the protection of a seatbelt. On such trips, prisoners are secured by hand cuffs, ankle cuffs, and a waist chain; therefore, they cannot buckle the seatbelt themselves. [*Id.*, p. 3]

### A.     Federal Tort Claims Act

The United States of America is immune from suit except where its sovereign immunity is explicitly waived. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA waives this immunity and allows federal district courts to hear tort actions against the federal government for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Substantively, the FTCA makes the United States liable "to the same extent as a private individual under like circumstances," subject to enumerated exceptions. 28 U.S.C. § 2674. *See Levin v. United States*, 133 S. Ct. 1224, 1228 (2013).

The FTCA is the exclusive remedy for tort actions against the federal government, its agencies, and its employees. *Ascot Dinner Theatre v. Small Business Admin.*, 887 F.2d 1024,

1028 (10th Cir. 1989). Federal prisoners are among the possible plaintiffs in FTCA cases. *United States v. Muniz*, 374 U.S. 150 (1963). *See also*, 28 U.S.C. § 1346(b)(1); *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004). Importantly, an FTCA claim may only be asserted against the United States of America. *See* 28 U.S.C. § 2674; *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("The United States is the only proper defendant in an FTCA action."); *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) (same).

A plaintiff must exhaust his FTCA claim before a district court has jurisdiction over his lawsuit. 28 U.S.C. § 2675(a); *Holt v. Morgan*, 79 F. App'x 139, 141 (6th Cir. 2003) ("Failure to exhaust administrative remedies deprives a federal court of jurisdiction over the [FTCA] claim." (citation omitted)). Thus, an inmate must first present his claim (typically, by filing a Standard Form 95) to the regional office of the Bureau of Prisons (BOP) and the agency must deny his request before the inmate is authorized to file an FTCA claim in the district court. 28 U.S.C. § 2675(a). If the plaintiff does not file an administrative claim and receive a denial from the agency before filing suit, the Court must dismiss the claim for lack of jurisdiction. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

The exhibits attached to Christensen's Complaint reflect that on October 1, 2013, he submitted a tort claim on a Standard Form 95 against the United States and mailed it to the BOP's Mid-Atlantic Regional Office in Annapolis, Maryland. [Record No. 1-1, pp. 47-48] This tort claim concerned the July 1, 2013 medical transport. Although the claim was received October 17, 2013, the BOP catalogued this tort claim as filed in 2014, assigning it the following number: TRT-MXR-2014-00572. [*Id.*, p. 42]

On December 23, 2013, the BOP rejected this claim, considering it to be a duplicate of Christensen's prior tort claim identified as Administrative Tort 2013-03235.[2] [Record No. 1-1, p. 49] On March 17, 2014, the BOP notified Christensen that it had closed tort claim 2014-00572 as a duplicate claim "concerning the medical transports," which the BOP had denied nearly one year earlier, on March 26, 2013. [Record No. 1-1, pp. 51-52] The Court considers this notice to have effectively denied the 2014 tort claim without a separate, official response.

The BOP is correct that both the 2013 and the 2014 tort claims concern the medical transports. However, the two tort claims are not identical. The 2013 tort claim concerns the failure to secure Christensen in a seatbelt during transports, whereas the 2014 tort claim concerns (1) the improper use of a seatbelt to effectively secure him in a seat and (2) the failure to secure him with a seatbelt on the return trip to the prison. Thus, one claim concerns *the failure to use a seatbelt* and the other claim concerns *the improper use of a seatbelt* on one leg of the trip and the failure to use a seatbelt at all on the return trip. The two claims are not synonymous.[3]

---

[2] Although not of record in this case, it appears from the BOP's response to the 2013 tort claim that Christensen alleged that he was transported in a BOP van without being secured with a seatbelt during transport. [Record No. 1-1, pp. 38-39]

[3] The BOP's closing of tort claim 2014-00572 as a duplicate of tort claim 2013-03235 is puzzling, given that the BOP's response to the 2013 tort claim on March 26, 2013, pre-dates the subject medical transport that occurred on July 1, 2013. [Record No. 1-1, p. 38]

Christensen's 2014 tort claim appears to have been timely presented to the BOP and fully exhausted. Further, Christensen timely filed the present action challenging its denial. Given the apparent administrative confusion in the BOP's records concerning these two tort claims and the fact that the BOP did not officially respond to Christensen's 2014 tort claim, the Court will direct the United States to file a response to Christensen's 2014 FTCA claim.

**B.     BOP Policy Program Statements**

Christensen asserts that the defendants, their agents and subordinates have violated BOP Policy 1600.09, which concerns occupational safety, environmental compliance, and fire protection. It is unclear how this particular BOP Program Statement addresses Christensen's seatbelt issue. Regardless, his claims under this or any other BOP Program Statement fail as a matter of law. The BOP's Program Statements are not "laws" which may be broken. Rather, they are merely internal agency guidelines and manuals and are not promulgated in compliance with the Administrative Procedures Act. *Reno v. Koray*, 515 U.S. 50, 61 (1995). Accordingly, they neither carry the force of law nor create enforceable substantive rights. *United States v. Craveiro*, 907 F.2d 260, 264 (1st Cir. 1990); *Schweiker v. Hansen*, 450 U.S. 785, 789 (1981). Because a federal employee's failure to adhere to a Program Statement does not constitute a violation of federal law, any claim of violation fails as a matter of law. *United States v. Loughner*, 782 F. Supp. 2d 829, 831 (D. Ariz. 2011); *Callahan v. Patton*, No. 07-CV-54-JMH, 2007 WL 1662695, at *5 (E.D. Ky. June 4, 2007).

**C.     18 U.S.C. § 4042**

Although Christensen does not specify which subsection of 18 U.S.C. § 4042 the defendants have violated, it appears that he may be referring to 18 U.S.C. § 4042(a)(2), which directs the BOP to "provide suitable quarters and provide for the safekeeping, care and subsistence of all persons charged with or convicted of offenses against the United States" or to 18 U.S.C. § 4042(a)(3), which directs the BOP to "provide for the protection . . . of all persons charged with or convicted of offenses against the United States." Broadly construing this claim, Christensen may be attempting to assert claims of deliberate indifference to his safety and security needs in violation of the Eighth Amendment. Christensen's claims for alleged violations of 18 U.S.C. § 4042 will be dismissed for the same reasons that his Eighth Amendment claim, addressed below, will be dismissed.

**D.     Eighth Amendment Claim**

Christensen claims that, as the consequence of being placed sideways in a seat, the seatbelt did not properly secure him, he was physically injured by the seatbelt. He seeks compensatory damages for his pain and suffering and mental anguish.

Plaintiff's allegations are best characterized as an Eighth Amendment conditions-of-confinement claim. The Eighth Amendment's prohibition on cruel and unusual punishment requires that prison officials "provide humane conditions of confinement by ensuring that inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee inmates' safety." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)(emphasis added).

A conditions-of-confinement claim consists of both an objective and subjective component. The objective component is met only if the condition complained of is "sufficiently serious," to pose "a substantial risk of serious harm" to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). The Eighth Amendment does not give rise to a federal cause of action every time prisoners are inconvenienced or suffer *de minimis* injuries. *Hernandez v. Denton*, 861 F.2d 1421, 1424 (9th Cir. 1988) *vacated on other grounds sub nom. Denton v. Hernandez*, 112 S.Ct. 1728 (1992). The subjective component of a conditions-of-confinement claim requires the plaintiff to show that the defendant exhibited "deliberate indifference" to the inmate's health or safety. *Farmer*, 511 U.S. at 832. Deliberate indifference "requires both knowledge and disregard of possible risks, a *mens rea* on a par with criminal recklessness." *Despain v. Uphoff*, 264 F.3d 965, 975 (10th Cir. 2001). The defendant must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Applying the standards set forth in *Farmer*, the deprivation Christensen alleges is not objectively sufficiently serious to state an Eighth Amendment claim. The conclusion that Christensen was not placed at substantial risk of serious harm is evidenced by the minor injuries he allegedly suffered. *See Lockett v. Suardini*, 526 F.3d 866, 876 (6th Cir. 2008)

(officer's minimal application of force, together with plaintiff's admittedly minor injuries, did not rise to a level sufficient to sustain Eighth Amendment claim). Christensen claims that the seatbelt was improperly placed across his carotid artery high upon his neck and that it injured his left neck and the nerves in his left ulnar nerve distribution. [Record No. 1, p. 4] Plaintiff's Eighth Amendment claim is belied by the fact that he did not seek treatment from Health Services until August 2, 2013, one month after the medical transport. When Christensen reported to Health Services for treatment of the injury he sustained on July 1, 2013, he described the incident to staff, as follows: "Numbness and tingling in left arm, Pt identified his symptoms as numbness and tingling in his left arm. Pt reports he had this before this date, however this instance has 'made it worse.'" [Record No. 1-1, p. 31] Otherwise, his examination was normal. He had a full range of motion in his shoulder, wrist, hand, fingers, and cervical spine. The assessment was: "No Significant Findings/No Apparent Distress." [Record No. 1-1, pp. 31-32] Additionally, a physical-therapy evaluation found that any numbness and tingling was likely "due to continued poor posture while completing computer work" and Christensen's shoulder pain was "most likely a result of improper weight lifting." [Record No. 1-1, p. 23] Thus, Christensen's physical injuries, if any, were *de minimis*, a far cry from a constitutional violation, and are refuted by his BOP medical records. [Record No. 1-1, pp. 31-32]

Federal courts have held that failure to properly seatbelt an adult prisoner, by itself, does not create a substantial risk of serious harm, even where the inmate is disabled or is otherwise incapable of seatbelting himself. *See Dexter v. Ford Motor Co.*, 92 F. App'x 637,

641 (10th Cir. 2004). As the court explained in *Dexter*, "[t]he connection between a failure to seatbelt and the risk of serious injury, even if arguably evident under state tort law, is insufficient for purposes of constitutional analysis." *Id*. at 640. Thus, "a failure to seatbelt does not, of itself, expose an inmate to risks of constitutional dimension." *Id.* Because the failure to seatbelt an inmate does not give rise to a claim of constitutional dimension, likewise, the failure to *properly* seatbelt an inmate also presents no cognizable Eighth Amendment claim. Therefore, Christensen's claims that the defendants' actions on July 1, 2013 violated his Eighth Amendment rights will be dismissed.

**E. State Law Claims**

Christensen asserts state law claims of negligence and a violation of Kentucky's seatbelt law. Ky. Rev. Stat. § 189.125(6) provides that "[a] person shall not operate a motor vehicle manufactured after 1981 on the public roadways of this state unless the driver and all passengers are wearing a properly adjusted and fastened seat belt." In addition, Kentucky law provides that "[a] person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation." Ky. Rev. Stat. § 446.070. However, the latter provision simply "codifies the common law doctrine of 'negligence *per se*' in Kentucky. *Young v. Carran*, 289 S.W.3d 586, 589 (Ky. App. 2008). Negligence *per se* 'is merely a negligence claim with a statutory standard of care substituted for the common law standard of care." *GATX Corp. v. Addington*, 879 F. Supp. 2d 633, 651 (E.D. Ky. 2012) (internal quotation marks and citation omitted). Thus, Christensen's claim that the two unknown

Correctional Officers employed by the BOP were negligent *per se* for violating Kentucky's seatbelt law is simply a negligence claim which must be directed against the United States under the FTCA, 28 U.S.C. § 2679(b)(1).

**II**

Based on the foregoing, the Court will dismiss Christensen's claims with prejudice, with the sole exception of his claim against the United States under the FTCA. Because the Court has granted Christensen's motion to proceed *in forma pauperis*, the Lexington Clerk's Office and the United States Marshals Service ("USMS") will serve the summons and Complaint on his behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). Accordingly, it is hereby

**ORDERED** as follows:

1. All claims in Christensen's Complaint [Record No. 1], with the exception of those against the United States of America under the Federal Tort Claims Act are **DISMISSED,** with prejudice.

2. All claims against defendants Francisco J. Quintana, Warden, FMC-Lexington; David Carpenter, Captain, FMC-Lexington; Mr. Henderson, Safety Manager, FMC-Lexington; and the unknown Correctional Officers at FMC-Lexington are **DISMISSED**, with prejudice, and these defendants are **DISMISSED** from this action.

3. A Deputy Clerk in the Lexington Clerk's Office shall prepare a "Service Packet" consisting of the following documents for service of process upon the United States of America:

> a. a completed Summons form;
>
> b. the Complaint [Record No. 1] and attachments thereto [Record No. 1-1];
>
> c. this Memorandum Opinion and Order; and
>
> d. a completed USM Form 285.

4. The Lexington Deputy Clerk shall deliver the Service Packet to the USMS in Lexington, Kentucky, and note in the docket the date that the Service Packet was delivered.

5. The USMS shall serve the United States of America by sending a Service Packet by certified or registered mail to:

> a. the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;
>
> b. the Office of the Attorney General of the United States in Washington, D.C.; and,
>
> c. the Central Office of the Federal Bureau of Prisons in Washington, D.C.

6. The plaintiff must immediately advise the Court of any change in his current mailing address. Failure to do so may result in the dismissal of this case. The plaintiff must communicate with the Court solely through notices or motions filed with the Clerk of the Court. The Court will disregard correspondence sent directly to the Judge's chambers.

7. With every notice or motion filed with the Court, the plaintiff must (a) mail a copy to the defendant (or the defendant's attorney) and (b) at the end of the notice or motion,

certify that he has mailed a copy to the defendant (or the defendant's attorney) and the date on which this was done. The Court will disregard any notice or motion which does not include this certification.

This 2nd day of December, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge